# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK V. VANG and GERT CT. MOUA, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>HOME LOAN FUNDING, INC.; and DOES 1 through 200 inclusive,<br><br>  Defendants. | 07cv1454 AWI GSA<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD<br><br>ORDER VACATING HEARING ON AUGUST 8, 2008<br><br>ORDER VACATING HEARING ON AUGUST 15, 2008<br><br>(Document 29) |

## INTRODUCTION

On June 23, 2008, Defendant's counsel, Michael J. Hassen, Esq., of Jeffer, Mangels, Butler, & Marmaro LLP ("Counsel") filed a Motion to Withdraw as Counsel for Defendant, Home Loan Funding, Inc (hereinafter, "Defendant"). Doc. 29. The motion was scheduled for August 8, 2008 at 9:30 am. To date, no opposition to the motion has been filed. Accordingly, the Motion for Withdrawal of Counsel is GRANTED and the hearing scheduled for August 8, 2008 at 9:30 is VACATED.

## FACTS

A Complaint was filed in this action on October 5, 2008. Plaintiffs filed a First Amended Complaint (hereinafter, "FAC") on October 26, 2007. The FAC alleges Defendant engaged in unlawful lending practices by failing to provide accurate information about the terms of its loan agreements. Specifically, the FAC asserts six causes of action. The first cause of action alleges violations of the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. The

second and third causes of action allege violations of the Unfair Competition Law pursuant to California Business and Professions Code § 17200 et seq.  The fourth cause of action alleges breach of contract.  The Fifth cause of action alleges breach of the covenant of good faith and fair dealing.  The six cause of action alleges violations of the unlawful business acts or practices based on violations of the California Financial Code § 22302.  Plaintiff is seeking various forms of relief including declaratory relief; rescission; attorney's fees and costs; the imposition of a constructive trust; restitution;  actual, statutory, compensatory, consequential, and punitive damages; and any other just relief.    Plaintiffs are also seeking certification as a state and nationwide class action.  Plaintiffs have filed a Motion for Leave to File Second Amended Complaint on July 11, 2008, and the hearing is scheduled for August 15, 2008 at 9:30 am.

**DISCUSSION**

Local Rule 83-182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Attached to counsel's Motion to Withdraw is a declaration filed by Michael J. Hassan, which indicates that Home Loan Funding Inc. recently entered into an assignment for benefit of creditors (the California state law equivalent of Chapter 7 bankruptcy proceedings) and has essentially ceased to exist. Declaration of Michael J. Hassan at ¶ 2 (Doc. 34) (Hereinafter, "Declaration."). Due to the lack of the corporation's assets it has no funds to defend itself against this litigation. Id.  As such, there has been a breakdown in the attorney-client relationship which renders counsel's continued representation impossible. Id.  Counsel indicates that he has served Defendant with the Motion for Withdrawal and that Defendant understands the consequences of proceeding without representation.  Declaration at ¶ 3. Home Loan Funding Inc. has not filed an opposition to the Motion to Withdraw.

Michael Bowse, Plaintiffs' attorney, stated he did not oppose the Motion to Withdraw at a scheduling conference on June 25, 2008, and Plaintiffs have not filed an opposition. In addition, Michael Bowse filed a declaration in support of Plaintiff's Motion for Leave to File Second Amended Complaint stating that he has been informed by Defendant's counsel that Defendant has assigned its assets to other creditors, and as such, has no offices, operations, or assets at this time. Id. Consequently, Defendant would be unable to satisfy any judgment in this action. Declaration of Michael Bowse at ¶ 2 dated July 11, 2008 attached as Exhibit B to Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 36(2)).

Rule of Professional Conduct 3-700(C)(1)(f) provides that an attorney may request permission to withdraw if the client breaches an agreement or obligation as to expenses or fees. Rule 3-700(A)(2) also provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[1] and complying with applicable laws and rules." In this case, counsel has provided Defendant with notice of the motion and with time to find additional counsel. Home Loan Funding Inc. has not opposed the motion. No discovery deadlines or trial dates have been set so the risk of prejudice to Defendant is minimal. Furthermore, an attorney may be allowed to withdraw without offending the rule against corporate self-representation. Ferruzzo v. C.& D. Enterprises, Inc., 104 Cal. App. 3d 501, 504 (Cal. App. 1980).

Given the fact that there has been no opposition to this motion filed and there appears to be no prejudice, the motion will be granted. However, Defendant is advised that a "corporation may appear in federal court only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); see also, Osborn v. President of Bank of United States, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); Turner v. American Bar Ass'n, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present

---

[1] Section 3-700(D) pertains to returning property and funds to clients.

holding that a corporation may only be represented by licensed counsel).  All artificial entities must appear in federal court through counsel.  Rowland, 506 U.S. at 202, 113 S.Ct. at 721.  Additionally, this Court's Local Rule 83-183(a) provides: "A corporation or other entity may appear only by an attorney."

The court recognizes the unique circumstances of this case, however, given the above, Defendant shall obtain counsel within 20 days of the date of this order or provide the court with its intention regarding retaining counsel.  Defendant is advised that failure to obtain counsel may result in the imposition of sanctions including but not limited to entry of default judgment.

In light of the above, this court will not proceed on Plaintiff's Motion for Leave to File a Second Amended Complaint without giving Defendants an opportunity to obtain counsel and respond to the motion.  Accordingly, IT IS HEREBY ORDERED that :

   1)  The Motion to Withdraw as Counsel is GRANTED and the hearing scheduled for August 8, 2008 at 9:30 am is VACATED;

   2)  The Clerk of the Court is ORDERED to RELIEVE Michael J. Hassen, Esq., of Jeffer, Mangels, Butler, & Marmaro LLP ("Counsel") as counsel ;

   3)  Counsel, Michael Hassen, is ordered to serve a copy of this order on Home Loan Funding, Inc., and if known, provide the court with the last known address or other contact information of Home Loan Funding, Inc. forthwith.  Counsel shall provide the court with a declaration indicating proof of service, or if counsel is unable to execute service, an explanation of the circumstances of attempted service;

   4) Home Loan Funding Inc. shall, within 20 days of the date of this order, retain counsel, or provide the court with a statement regarding its intention to obtain counsel; and

   5) The hearing for Plaintiff's Motion for Leave to File Second Amended Complaint that is currently set for August 15, 2008 at 9:30 am is VACATED and rescheduled for  September 19, 2008 at 9:30 am in courtroom 10.

   IT IS SO ORDERED.

   **Dated:   August 6, 2008**              **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE