# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK V. VANG and GERT CT. MOUA, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>HOME LOAN FUNDING, INC.; and DOES 1 through 200 inclusive,<br><br>          Defendants. | 07cv1454 AWI GSA<br><br>ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Document 36) |

## **INTRODUCTION**

On July 11, 2008, Plaintiffs Nick V. Vang and Gert Ct. Moua (Hereinafter, "Plaintiffs") filed a Motion for Leave to File Second Amended Complaint. The motion was set to be heard on August 15, 2008. On August 6, 2008, this court issued an order relieving Michael J. Hassen as attorney of record for Defendant Home Loan Funding (Hereinafter, "Defendant" or "HLF"). In order to give HLF an opportunity to obtain new counsel and respond to Plaintiffs' motion, the court vacated the hearing on August 15, 2008 and rescheduled the hearing to September 26, 2008. No opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint has been filed. The court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Accordingly, the hearing set

1

for September 26, 2008, at 9:30 was VACATED and Plaintiffs' motion will be GRANTED.

## BACKGROUND

Plaintiffs filed a Complaint on October 5, 2007. (Doc. 1). On October 26, 2008, Plaintiffs filed a First Amended Complaint. On March 31, 1008, HLF filed an Answer and a corrected Answer. (Docs. 21 and 22). On July 11, 2008, Plaintiffs filed the instant motion and served the motion on counsel for HLF.

On July 23, 2008, counsel for HLF filed a Motion to Withdraw as Counsel of Record. (Docs. 29-34). Attached to counsel's Motion to Withdraw as Counsel of Record was a declaration filed by Michael J. Hassan, indicating that HLF recently entered into an assignment for benefit of creditors (the California state law equivalent of Chapter 7 bankruptcy proceedings) and essentially ceased to exist. On August 6, 2008, the court granted the Motion to Withdraw as Counsel and ordered HLF to obtain counsel within 20 days, or alternatively, provide the court with a statement regarding its intention to obtain counsel. The court also rescheduled the instant motion to give HLF an opportunity to respond to Plaintiff's pending motion. To date, HLF has not complied with this court's order regarding obtaining counsel, nor has an opposition to the instant motion been filed.

Plaintiffs' motion seeks leave to file a Second Amended Complaint (Hereinafter, "SAC"). In the SAC, Plaintiffs allege that loan documents used by HLF in connection with Option Adjustable Rate Mortgage (Hereinafter, "Option ARM") loans given to homeowners to purchase or refinance their homes were misleading. Specifically, the loans featured a low, fixed 1% interest rate and corresponding low loan payments during the first five years of the 30 year loan term, with interest and payment rates increasing substantially after that introductory period. In reality, the 1% interest rate applied to just one month and was immediately replaced by a much higher, above market-adjustable rate. Plaintiffs also contend that the loan documents informed homeowners that their monthly loan payments would pay both interest and principal on the loan. In fact, Plaintiffs allege that monthly payments reflected in the loan documents were not even enough to cover the current interest charges, causing the principal balance on the loans to increase every month, resulting in a negative amortization of the loan.

Further, Plaintiffs allege that the loan documents used by HLF failed to make disclosures regarding the true terms of the Option ARM loan required under federal law.  Specifically, the Truth and Lending Act holds assignees and other subsequent owners of the mortgage loans financially liable for inadequate or missing disclosures. Plaintiffs also allege subsequent owners of home mortgages are similarly liable for breaches of contract committed while they owned the loan.  Finally, Plaintiffs allege anyone who participated in the drafting of the loan documents used by HLF are responsible for the injuries the fraudulent omissions caused Plaintiffs and other class members.

Plaintiffs alleges that IndyMac Bank, F.S.B. (Hereinafter, "Indymac") participated in drafting the loan documents and currently owns Plaintiffs' loan.  Plaintiff alleges that Indymac is therefore liable for Plaintiffs' injuries.  Accordingly, the SAC names HLF and Doe Defendant number 1 as Indymac.

The SAC  asserts five causes of action. The first cause of action alleges violations of the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.  The second cause of action alleges violations of the Unfair Competition Law pursuant to California Business and Professions Code § 17200 et seq.  The third cause of action alleges fraudulent omissions.   The fourth cause of action alleges breach of contract.  The Fifth cause of action alleges breach of the covenant of good faith and fair dealing.

Plaintiffs are seeking certification as a class action as well as various forms of relief including : actual, compensatory, consequential, statutory, and punitive damages; the rescission of Plaintiff's home loan and the home loans of class members; equitable relief including restitution; restitutionary disgorgement of all profits accruing to Defendants because of their unlawful, unfair and fraudulent, and deceptive practices; interest; declaratory relief; the imposition of a constructive trust; injunctive relief requiring clear and concise disclosures in Defendants' Option ARM loan documents;  injunctive relief prohibiting Defendants from foreclosing upon or selling Plaintiffs' or class members' homes; attorney's fees and costs; and other just relief.

///

**DISCUSSION**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2). Here, HLF filed a responsive pleading to Plaintiffs' FAC. (Docs. 21 and 22).

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

The court has examined all of the factors listed above and finds that leave to amend should be granted. HLF appears to be an empty shell with no ability to defend this suit or provide discovery and no ability to pay any judgment. Plaintiff alleges that Indymac was involved in the creation of the loan documents and is the holder of the loan. Therefore, Plaintiffs allege Indymac is responsible for providing the remedies owed to Plaintiffs. There is no evidence that this amendment will cause undue delay or that it will cause prejudice to Defendants since there has not been a scheduling conference in this case and no discovery deadlines have been set. Similarly, there is nothing to suggest that the amendment was made in bad faith. Furthermore, no opposition to the motion has been filed indicating that the amendment would be futile.

///

**CONCLUSION**

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave of Court to File Second Amended Complaint is GRANTED. Plaintiffs shall file their Second Amended Complaint within ten (10) days.

IT IS SO ORDERED.

Dated: **September 26, 2008**                 **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE