**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICK N. YANG and GER CT. MOUA, individually and on behalf of others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>HOME LOAN FUNDING, INC., and DOES 1 through 20, inclusive,<br><br>           Defendants | CV F 07-1454 AWI GSA<br><br>ORDER DIRECTING FURTHER BRIEFING ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

      This is a class action pursuant to the Truth In Lending Act against two named financial institutions, Home Loan Funding, Inc., and IndyMac Bank, F.S.B., and several Doe defendants (collectively, "Defendants") who allegedly originated, serviced, purchased/sold or were otherwise involved in promoting or marketing a type of home mortgage loan called an Option Adjustable Rate Mortgage ("Option ARM").  Defendant IndyMac bank failed and went into receivership.  On November 12, 2008, the Federal Deposit Insurance Corporation ("FDIC"), receiver of IndyMac Bank, moved pursuant to Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(12), to impose a 90-day stay on the proceedings.

      On November 26, 2008, Plaintiffs filed an opposition to Defendants' motion for stay. In their opposition, Plaintiff alleged that the complaint in this action was amended on the

same day the Office of Thrift Supervision declared IndyMac Bank insolvent and appointed FDIC as receiver.  Defendants contend that, based on Plaintiffs' representations in their opposition, the court lacks subject matter jurisdiction in this case because Plaintiffs' action commenced *after* the appointment of FDIC as receiver.  Defendants contend that the court must dismiss the instant action with leave to refile after exhaustion of the administrative claims process set forth in 12 U.S.C. §§ 1821(d)(3) through (13).

As Defendants point out, subject matter jurisdiction may be challenged at any point in a proceeding. Attorneys' Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-595 (9th Cir. 1996).  Consequently, the court must address Defendants' challenge to the court's subject matter jurisdiction even though the matter was not raised in their original motion.  Procedural fairness, however, requires that Plaintiffs be allowed to object or state their non-objection as to Defendants' challenge to the court's subject matter jurisdiction.

THEREFORE, it is hereby ORDERED that Plaintiffs shall file an opposition or, in the alternative a notice of non-opposition, to Defendants' motion to dismiss the current action without prejudice not later than fourteen (14) days from the date of service of this order.  Defendants may file a sur-reply not later than seven (7) days from the date of filing of Plaintiffs' opposition or notice of non-opposition.

IT IS SO ORDERED.

Dated:   **December 15, 2008**          /s/ **Anthony W. Ishii**
                                   CHIEF UNITED STATES DISTRICT JUDGE