**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICK N. YANG and GER CT. MOUA, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOME LOAN FUNDING, INC., and DOES 1 through 20, inclusive,<br><br>    Defendants | CV F 07-1454 AWI GSA<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(1) OR, IN THE ALTERNATIVE, TO STAY<br><br>Document Numbers 48 and 62 |

This is an action pursuant to the Truth In Lending Act against two named financial institutions, Home Loan Funding, Inc., and IndyMac Bank, F.S.B. ("IndyMac"), and several Doe defendants (collectively, "Defendants") who allegedly originated, serviced, purchased/sold or were otherwise involved in promoting or marketing a type of home mortgage loan called an Option Adjustable Rate Mortgage ("Option ARM"). Defendant IndyMac Bank failed and went into receivership. On November 12, 2008, the Federal Deposit Insurance Corporation ("FDIC"), in its role as receiver of IndyMac Bank (hereinafter "FDIC-Receiver"), moved pursuant to Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(12) ("FIRREA"), to impose a 90-day stay on the proceedings. Later, in its reply to Plaintiffs' opposition to the motion to stay, FDIC-

Receiver moved to dismiss the complaint without prejudice as to FDIC/IndyMac on the ground district courts lack jurisdiction over claims against banks where the action has been instituted after appointment of the receiver and the administrative claims procedure established by FIRREA has not been exhausted. In the instant memorandum opinion and order, the court addresses the FDIC-Receiver's motion to dismiss and will deny the motion to stay without prejudice as moot.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed the original complaint on October 5, 2007. The first amended complaint was filed on October 26, 2007. Plaintiffs moved for leave to file a Second Amended Complaint on July 11, 2008. The motion for leave to amend was granted on September 26, 2008. The currently-operative Second Amended Complaint ("SAC") was filed on October 1, 2008. The SAC names defendant IndyMac as one of the "Doe" defendants for the first time. On October 24, 2008, Plaintiffs filed a proof of service indicating the SAC had been served on IndyMac on October 22, 2008. Although the SAC styles the action as a class action, the court's docket indicates that there has not been any motion to certify a class. At present no other individual defendants, other than the two identified in the SAC, have been identified.

The parties do not dispute that the Office of Thrift Supervision ("OTS") closed IndyMac and appointed FDIC as Receiver on July 11, 2008. FDIC-Receiver further alleges, and Plaintiffs do not dispute, that:

> On that same date [July 11, 2008,] OTS authorized the creation of a new institution, IndyMac Federal Bank F.S.B. ("IndyMac Federal"), and appointed the FDIC as Conservator for IndyMac Federal ("FDIC-Conservator"). Also on July 11, 2008, pursuant to a Purchase and Assumption Agreement among the FDIC in its Corporate capacity, FDIC-Receiver and FCIC-Conservator, the bulk of the assets of IndyMac were transferred to FDIC-Conservator, but the transfer did not include "any defensive litigation with respect to which [IndyMac] was a defendant or counterclaimant." [Citation.] Such litigation, including this case, remained with FDIC-Receiver.

Doc. # 48 at ¶ 2.

2

FDIC-Receiver filed a motion to stay proceedings in this action on November 12, 2008. Plaintiffs opposed FDIC-Receiver's motion for stay on the ground the amount of time authorized for a stay by 12 U.S.C. § 1821(d)(12)(A)[1] began to run as of the appointment of FDIC as receiver, and the 90-day stay period had already expired by the time of the motion. In their opposition, Plaintiff's argued that the restriction of the stay period to the first 90 days after the appointment of the receiver was consistent with the purposes of the statute "particularly [. . . ] where the litigation at issue was not even commenced against the failed bank until after the FDIC took over as receiver . . . ." Doc. # 60 at 6: 21-22. In their reply brief, FDIC-Receiver noted Plaintiffs' admission that Plaintiffs' action was not filed against FDIC until after FDIC was appointed receiver. Based on that admission, FDIC-Receiver moved to dismiss Plaintiffs' claims without prejudice on the ground the court lacks jurisdiction over Plaintiffs' claims against FDIC-Receiver pursuant to section 1821(d)(13)(D) because Plaintiffs did not file and exhaust an administrative claim prior to filing the instant action.

On December 16, 2008, he court requested further briefing from the parties regarding FDIC-Receiver's motion to dismiss. In their sur-opposition to FDIC-Receiver's motion to dismiss, Plaintiffs assert that administrative claims were timely filed and the claim procedure was exhausted. FDIC-Receiver in its sur-reply, contends that the documents that were exchanged between FDIC-Receiver and the attorney-representatives for Plaintiffs, and that are provided as exhibits to Plaintiff's sur-opposition, are not sufficient to constitute evidence of either the filing of an administrative claim or the final denial of an administrative claim sufficient to satisfy the exhaustion requirement.

The hearing on FDIC-Receiver's motions to stay or dismiss was vacated on December 10, 2008. Plaintiffs filed their sur-opposition on December 29, 2008, and FDIC-

---

[1] References to section numbers hereinafter are to sections of Title 12 of the United States Code unless otherwise specified.

Receiver filed their sur-reply on January 8, 2009.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

## DISCUSSION

The focal point of FDIC's motions has shifted since FDIC's moving papers were first

4

filed. At present, the court is primarily concerned with the issue of whether it has jurisdiction over Plaintiffs' action. FDIC-Receiver challenges the court's jurisdiction based on the limitation to judicial review set forth in the FIRREA at section 1821(d)(13)(D) which provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over –
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

As this court has noted, "jurisdiction over claims covered by section 1821(d)(13)(D) is 'otherwise provided' in § 1821 only after completion of the claims procedures outlined in §§ 1821(d)6(A) and (d)(8)(C)." Feise v. Resolution Trust Corp., 815 F.Supp. 344, 346 (E.D. Cal. 1993). Section 1821(d)(6)(A), the only section of the two mentioned in the foregoing quote that is applicable here, provides that a claimant may seek either further administrative review, or review by a district court, of claims that are finally disallowed by the receiver or may seek such review where the claim is not decided by the receiver within the statutory time period. Thus, Section 1821(d)(6)(A) requires exhaustion of the administrative claims procedures before a claim may be decided by a district court.

> The effect of these provisions, read together, is to require anyone bringing a claim against or "seeking a determination of rights with respect to the assets of a failed bank held by the FDIC as receiver to first exhaust administrative remedies by filing an administrative claim under the FEIC's administrative claims process. [Citation.] As the First Circuit explained, "FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against filed institutions," and "where a claimant has . . . failed to initiate an administrative claim within the filing period, the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court." [Citation.] Section 1821(d)(13)(D) thus acts as a judicial bar to claims or actions by parties who have not exhausted their § 1821(d) administrative remedies.

Freeman v. FDIC, 56 F.3d 1394, 1400 (9th Cir. 1995).

Neither party argues that Plaintiffs' complaint is not a claim against the assets of a depository institution for which FDIC is now acting as receiver. Plaintiffs' opposition to FDIC's motion to dismiss argues, in part, that section 1821(d)(13(D) does not act as a jurisdictional bar to Plaintiffs' claims because those claims were pending as of the date FDIC became receiver. Plaintiffs cite Henderson v. Bank of New England, 986 F.2d 319, 320-321 (9th Cir. 1993) for the proposition that the exhaustion requirement applied only to those claims that were filed after FDIC was appointed receiver but before the administrative claims process is exhausted. While it is true that Henderson did interpret the exhaustion requirement in the context of a claim that had been filed *after* the FDIC had been appointed receiver, the Ninth Circuit subsequently made it clear that the exhaustion requirement applies broadly to all claims filed against the assets of the depository institution whether those claims are filed before or after FDIC is appointed receiver. See Intercontinental Deposit Ins. Corp. v. FDIC, 45 F.3d 1278, 1282-1283 (9th Cir. 1994) ("Intercontinental Deposit") (extending the holding in Henderson to "cases in which the claimants filed their action *before* the FDIC was appointed as receiver"). Significantly, the Intercontinental Deposit court specifically rejected the argument Plaintiffs employ to advance their contention that their claims were not subject to the exhaustion requirement. Id. The court concludes that Plaintiffs' claims, whether filed before or after the FDIC-Receiver was appointed, may not advance until the administrative claims process has been finally exhausted as to each claimant.

While the parties disputations as to when Plaintiffs' action was filed – before or after FDIC was appointed as receiver – are of no moment as far as the exhaustion requirement itself is concerned; whether administrative claims were *timely* filed by, or on behalf of, each plaintiff is an important determinant of whether the court may maintain jurisdiction over the proceeding. As discussed, Intercontinental Deposit, holds that claims against FDIC -receiver cannot proceed unless Plaintiff filed and has exhausted the administrative claims procedure of section 1821(d)(13(D). However, Intercontinental Deposit, also held the exhaustion

6

requirement does not become a jurisdictional bar until "a claimant fails to file a *timely* administrative claim." Intercontinental Deposit, 45 F.3d at 1284 (citing Marquis v. FDIC, 965 F.2d 1148, 1154-1155 (1st Cir. 1992) (italics added). The Intercontinental Deposit court agreed with the determination of some courts "that a stay may be appropriate where the district court examines jurisdiction when the claimant still has time to file an administrative claim with the FDIC *before* the administrative bar date passes." Id.

Plaintiffs allege an administrative claim was commenced within the statutory period. As evidence, Plaintiffs offer Exhibits "B," "C," and "D" to the Declaration of Michael Browse in Support of Opposition to Motion to Dismiss. Doc. # 66-2. Exhibit "B" consists of a letter to FDIC from Plaintiffs' attorney's office. The letter, dated August 27, 2008, (the "August 27 Letter") informs FDIC of the existence of the instant lawsuit and of the claims alleged against IndyMac.

The August 27 Letter also lists a number of individuals and alleges that "the named Plaintiffs in these actions [including this action and an action currently pending in the Central District] do not currently have the ability to file individual claim forms on behalf of each and every borrower who has an Option ARM loan during the liability period." Doc. # 66-2 at 9. The same letter lists the holders of twelve loans, not including the loan to the lead plaintiff in this action, on whose behalf the August 27 letter was written. At page 9 of Doc. # 66-2, the August 27 Letter somewhat confusingly refers to itself as a "Proof of Claim form" submitted on behalf of the 12 named borrowers and "on behalf of each and every borrower who received an Option ARM loan from IndyMac, or whose Option ARM loan was purchased by IndyMac during the liability period." Id.

The August 27 Letter also stated that Plaintiffs' attorney's office had requested that FDIC send either "claims forms" or "proof of claims forms" for each person who took out an option ARM loan from IndyMac during the liability period or for each option ARM loan that was purchased by IndyMac after origination by another agent during the liability period. The

7

August 27 Letter noted no reply had been received from FDIC. The August 27 Letter also alleged that "[a]ggrieved borrowers are not being sent Proof of Claims forms via first class mail as required under 12 U.S.C. § 1821(d)(3)(C)(i)&(ii). Rather, the FDIC has decided to notify the aggrieved borrowers only by publication notice in a few select newspapers." Doc. # 66-2 at 11.

Exhibits "C" and "D" to the Declaration of Michael Bowse are letters from the FDIC-Receiver to the attorneys for Plaintiffs dated September 2, 2008, and September 26, 2008, respectively. The first of these letters sets forth FDIC-Receiver's position that, pursuant to the process established by Congress in the FIRREA, each individual claimant – in this case, each individual holder of an Option-ARM mortgage within the definition of the Plaintiff class – must file a claim himself or, if through a representative, only through a representative possessing a written power of attorney.

The second of the letters from the FDIC-Receiver dated September 26, 2008, references prior communication with Plaintiffs' attorney firm and reiterates to some extent FDIC-Receiver's prior contention that each individual must timely file an administrative claim or be permanently barred from any future action. The September 26 letter addresses Plaintiffs' attorneys' contentions regarding adequacy of service of the notice of receivership and states that FDIC-Receiver, through IndyMac Federal was in the process of offering a loan modification program to its borrowers who are falling behind on their mortgages. Based on its representation that it had been diligent in providing timely notice and that it had provided abundant additional information regarding its loan modification program, FDIC-Receiver declined to extend the claims bar date, which had been set at October 14, 2008.

Exhibit "E" to the Declaration of Michael Bowse is a notice sent by FDIC-Receiver to the lead plaintiff in this action, Nick N. Vang. The notice, Dated October 22, 2008, acknowledges that the date of the notice is past the claims bar date of October 14, 2008, and acknowledges also that Vang may not have received actual notice of the failure of IndyMac,

the appointment of FDIC as receiver, and the commencement of the claims filing period. The notice includes a claims form and instructions for completion of the form. There is no indication whether the form was completed and submitted.

Plaintiffs contend their proffer of documents attached as exhibits to the Declaration of Michael Bowse is sufficient to show that administrative claims were timely filed by the Plaintiffs and were finally denied by FDIC-Receiver. The court finds the documents submitted are plainly not sufficient to establish that proposition. The letter from Plaintiffs' attorneys to FDIC-Receiver talks about claims, proofs of claims and claim forms, but the letter is not a claim or proof of claim itself. Although the issue of what constitutes a proper claim is not precisely before the court, it is clear that section 1821(d)(4)(A) generally empowers FDIC to "prescribe regulations regarding the allowance or disallowance of claims by the receiver . . . ." This, the court must presume, includes determining what constitutes adequate information to constitute a claim. Comparing the claim form attached to Exhibit E of the Declaration of Michael Bowse with the information contained in the letter from Plaintiffs' attorney to FDIC-Receiver at Exhibit B, the court must conclude the letter that comprises Exhibit B does not contain enough identifying information or specific information on the nature of the claim to constitute a proper administrative claim under the FIRREA.

Similarly, the court finds the letters from FDIC-Receiver to Plaintiffs' attorneys at Exhibits C and D of the Declaration of Michael Bowse do not constitute final rejection of any claim. At most, the letters from FDIC-Receiver are clarifications of FDIC-Receiver's positions with regard to submission of claims and its contentions as to the adequacy of service of notice. The letters do not address, let alone dispose of, Plaintiffs' substantive claims.

As noted above, where jurisdiction is challenged by way of a motion pursuant to Rule 12(b)(1), the party bringing the action has the burden to show, "affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction," either on the basis of the

1  complaint or on the basis of extrinsic materials. Smith v. McCullough, 270 U.S. 456, 459, 46
2  S.Ct. 338, 70 L.Ed. 682 (1926).  The court has examined both the complaint and the
3  materials submitted by Plaintiffs and finds there is not a sufficient showing to establish
4  jurisdiction.  Specifically, there is not sufficient information presented to show administrative
5  claims corresponding to the claims set forth in the SAC were timely filed and finally rejected
6  by FDIC-Receiver.  Pursuant to Intercontinental Deposit, the court recognizes that it could,
7  under a proper set of facts, stay proceedings to await completion of the administrative claims
8  process without dismissing the action.  However, this option is not available as facts currently
9  stand because the court lacks information sufficient to establish that administrative clams
10 were timely brought.  Even if the court had information sufficient to establish that
11 administrative claims had been timely filed, FDIC-Receiver's motion in the alternative for
12 90-day stay pursuant to section 1821(d)(12) is not the appropriate vehicle for granting a stay
13 pending final outcome of administrative claims.

15         THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that the
16 motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is
17 thereby GRANTED.  The motion in the alternative to stay proceedings is DENIED as moot.
18 The SAC is hereby DISMISSED in its entirety as to FDIC as Receiver for IndyMac Bank
19 only.  The dismissal is without prejudice.  Leave is hereby granted to further amend the
20 complaint.  Any further amendment of the complaint shall be filed and served not later than
21 twenty-one (21) days from the date of service of this order.

23 IT IS SO ORDERED.
24 **Dated:   January 22, 2009**              /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE