# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICK V. VANG and GERT CT. MOUA, individually and on behalf of all others similarly situated, | ) ) ) ) | 07cv1454 AWI GSA |
| Plaintiffs, | ) ) ) | ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE |
| v. | ) ) | |
| HOME LOAN FUNDING, INC.; and DOES 1 through 200 inclusive, | ) ) ) | |
| | ) | (Document 76 and 77) |
| | ) ) | |
| Defendants. | ) ) | |

## **INTRODUCTION**

On April 6, 2009, Plaintiffs, Nick V. Vang and Gert Ct. Moua (Hereinafter, "Plaintiffs") filed a Motion to Compel discovery from Defendant Home Loan Funding, Inc (Hereinafter, "HLF").[1]  There has been no opposition to the motion.  The court finds this motion is suitable for decision without oral argument and VACATES the hearing scheduled for April 24, 2009 at 9:30 am.  Having considered the Plaintiffs' pleading, the motion is DENIED WITHOUT PREJUDICE.

///

---

[1] Plaintiff previously filed a Motion to Compel on April 3, 2009, however Plaintiffs filed the instant motion on April 6, 2009.  (Docs. 76 and 77).   The motions are substantially similar.  The court considers the Motion to Compel filed on April 3, 2009 withdrawn given the filing of the subsequent motion.

## BACKGROUND

Plaintiffs filed a Complaint on October 5, 2007. (Doc. 1). On October 26, 2007, Plaintiffs filed a First Amended Complaint. (Doc. 12). On March 31, 2008, HLF filed an Answer and a corrected Answer. (Docs. 21 and 22). However, on August 6, 2008, counsel for HLF was permitted to withdraw, leaving HLF unrepresented. (Doc. 37). HLF's attorney was permitted to withdraw on the basis that HLF recently entered into an assignment for benefit of creditors (the California state law equivalent of Chapter 7 bankruptcy proceedings) and essentially ceased to exist. Plaintiffs did not oppose the motion.

After being given leave to amend the complaint on September 26, 2008, Plaintiffs filed a Second Amended Complaint on October 1, 2008 to add IndyMac Bank as a defendant in this action. (Doc. 43). Subsequently, on January 23, 2009, Defendant IndyMac was dismissed from this litigation based on certain provisions of the Financial Institutions Reform Recovery Act of 1989. (Doc. 69). Specifically, Plaintiffs had not exhausted their administrative remedies prior to filing the instant action.

Plaintiffs now seek to compel HLF to respond to Plaintiffs' discovery requests that were served on July 14, 2008, within thirty days. The discovery requests include a first request for production of documents and a first set of interrogatories. Plaintiffs also request that the court issue an order informing HLF that if it fails to respond to the discovery as ordered, that the court will recommend that the district court order the following issue sanctions : (1) the class of borrowers to who Home Loan Funding issued ARM loans to are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) Plaintiffs' claims are typical of the claims of the class; and (4) questions of law and fact common to class members predominate over any questions effecting individual members. Finally, Plaintiffs request that they be awarded monetary sanctions in the amount of $14,837.50 to reimburse them for their expenses caused by HLF's failure to respond to Plaintiffs' discovery requests.

///

///

## DISCUSSION

Plaintiffs contend that sanctions are appropriate because they initially served their discovery requests on HLF's former attorney Michael Hassan, on July 14, 2008, and there has been no reply. However, Plaintiff makes no mention of the legal status of HLF in its motion, and as a result is it not clear that HLF was properly served with the discovery requests.

For example, at the time Plaintiffs served the discovery requests, Plaintiffs had already been notified that Mr. Hassan was requesting to be relieved as counsel due to the fact that HLF recently entered into an assignment for benefit of creditors. In attorney Hassan's declaration in support of his motion to withdraw as counsel, he indicates that, "[a]s Home Loan has no assets with which to continue to defend itself against this litigation, there has been a breakdown in the attorney-client relationship which renders counsel's continued representation impossible." (Doc. 31 at pg. 2 lines 10-13). Furthermore, at a scheduling conference, Mr. Hassan informed the Court that HLF had ceased to exist and he believed that the offices once occupied by HLF were vacated. While Plaintiffs' counsel served the discovery requests on Mr. Hassan prior to being relieved as counsel, Plaintiffs were on notice that Mr. Hassan did not have a relationship with HLF. Moreover, while Plaintiffs contend that they served a meet and confer letter on Richard E. Streza, who is the registered agent for HLF, as well as a copy of the instant motion, the discovery requests were never served on him. Even if they were served, it is unclear that this service is sufficient given the lack of information regarding HLF's legal status.

Finally, Plaintiffs request that this Court inform HLF that failure to comply with the discovery requests will result in a recommendation that issue sanctions be ordered which would in effect establish the requirements for class certification. Although Plaintiffs cite to Rule 37 (b) and (d) of the Federal Rules of Civil Procedure, they fail to cite to one case involving a class action to support their proposition that this is remedy is appropriate. This is especially important given that only two plaintiffs in the SAC have been identified, and the legal status of the only named Defendant is not clear.

In sum, Plaintiffs have not provided the court with enough information regarding the procedural history of this case including the status of HLF, or with the proper legal authority to

1  justify their requests.  Therefore, the court will not grant the motion at this time.

2                              **CONCLUSION**

3       Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to

4  Compel filed April 6, 2009, is DENIED WITHOUT PREJUDICE.  Plaintiffs' Motion to Compel

5  filed on April 3, 2009, is deemed WITHDRAWN given the filing of the subsequent amended

6  motion on April 3, 2009.

7

8       IT IS SO ORDERED.

9       **Dated:    April 21, 2009**                    _/s/ **Gary S. Austin**_
                                                         UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28